WAYNE R. VIEIRA, Plaintiff-Appellee, Cross-Appellant, *v.* ROBERT'S HAWAII TOURS, INC., a Hawaii Corporation, Defendant-Appellant, Cross-Appellee

NO. 7096

CIVIL NO. 51085

JUNE 24, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* In this case we review the trial court's determination that Robert's Hawaii Tours, the employer, breached its employment

contract with Wayne R. Vieira, the employee; its findings with respect to damages for the breach; and its denial of two counterclaims asserted by Robert's.

Robert's, a tour coordinating business, and Vieira, a person with experience in that business, entered into an Employment Agreement dated July 3, 1975, whereby Robert's hired Vieira as "a Vice President of Sales" for five years, commencing July 1, 1975, at monthly compensations of $1,500 in 1976, $1,750 in 1977, $2,000 in 1978, and "at least" $2,200 in 1979 and 1980.

In Section Two of the agreement, Vieira agreed that he would "at all times faithfully, industriously, and to the best of his ability, experience and talents, perform all of the duties that may be required of and from him pursuant to the express and implicit terms hereof, to the reasonable satisfaction of employer."

Section Fourteen of the agreement provides: "Employer to terminate this contract for cause only. . . . In the event of any violation by employee of any of the terms of this contract, employer thereon may terminate employment without notice and with pay only to the date of such termination."

On February 21, 1976, Robert's terminated Vieira's employment and thereafter Vieira sued for all amounts due under the agreement. Robert's counterclaimed alleging that Vieira owed it $5,000 which it loaned to him and $5,000 for its assumption of a debt owed by Vieira to a client.

After a bench trial, the lower court determined that Robert's had no reasonable basis for its dissatisfaction and that it wrongfully terminated the agreement without cause.

The lower court found that through February 1978 Vieira reasonably sought other employment and earned $5,645.57 gross but that he failed to act in mitigation of his damages subsequent to February 1978.

The court further found against Robert's on its counterclaims.

On its appeal, Robert's contends that the trial court erred in determining that Robert's had no reasonable basis for its dissatisfaction with Vieira's performance and no cause for termination; in finding that through February 1978 Vieira made a reasonable attempt to mitigate damages; and in dismissing its counterclaims.

In his cross-appeal, Vieira questions the method used by the court to determine damages. The court computed that $40,400 was

due from February 21, 1976, through February 28, 1978. It then subtracted the $5,645.57 gross which he earned during that period and issued judgment for $34,754.53. Vieira contends that Robert's failed in its burden to show a failure of mitigation of damages and that the court erred in subtracting Vieira's gross earnings rather than his earnings net of expenses incurred in generating that income.

We must affirm the lower court's findings unless we determine them to be clearly erroneous. Hawaii Rules of Civil Procedure, Rule 54 (1954 as amended).

The first issue is whether the lower court clearly erred in finding that the dissatisfaction of Robert's was not reasonable. Robert's presented evidence that Vieira was sometimes late for work and appointments, that he once failed to pick up a mainland client at the airport as directed, that he overslept and missed being introduced at a convention, and that he criticized a fellow employee for working too hard and making all other employees look bad. Vieira's failure to pick up the mainland client was the precipitant cause of his being fired. All the other reasons were later added as factors. Vieira provided explanations for each allegation and disputed the contention that they provided a sufficient basis for Robert's reasonable dissatisfaction. The trial judge found in favor of Vieira. Upon review of the record, we conclude that such findings are not clearly erroneous, and we affirm them.

The second issue concerns the measure of damages.

The measure of recovery by a wrongfully discharged employee is the amount of compensation agreed upon for the remaining period of service, less the amount which the employer affirmatively proves the employee has earned or with reasonable effort might have earned from other employment. *Parker v. Twentieth Century-Fox Film Corporation*, 89 Cal. Rptr. 737, 474 P.2d 689, 44 ALR 3d 615 (1970); 22 AM. JUR. 2d *Damages* § 70 (1965); 53 AM. JUR. 2d *Master and Servant* § 62 (1970); *Malani v. Clapp*, 56 Haw. 507, 542 P.2d 1265 (1975); 44 ALR 3d *Annotation* 629, 639 (1972).

In this case, the base pay for the remainder of the contract is $99,600.00. Nevertheless, there is still some question whether that sum is all of the "compensation agreed upon." Vieira testified that while he was employed at Robert's, he had the use of an automobile provided by the company and Robert's paid for the cost of its

operation and he had an open expense account. It is doubtful whether the open expense account is compensation but the value of the automobile may be. However, there is no evidence that the providing of the automobile was agreed upon. Perhaps it was provided unilaterally and gratuitously and could have been withdrawn at any time.

Turning to the mitigation issue, the rule is:

[B]efore projected earnings from other employment opportunities not sought or accepted by the discharged employee can be applied in mitigation, the employer must show that the other employment was comparable, or substantially similar, to that of which the employee has been deprived; the employee's rejection of or failure to seek other available employment of a different or inferior kind may not be resorted to in order to mitigate damages. [Citations omitted.]

*Parker v. Twentieth Century-Fox Film Corporation, supra,* at 692; *see* 22 AM. JUR. 2d *Damages* § 70; 44 ALR 3d *Annotation* 629 (1972).

The only evidence of Vieira's failure to mitigate was Vieira's testimony that the first week after he was terminated at Robert's he was offered two or three sales positions at $400 per month plus a commission receivable after the completion of the tours sold.[1] In Vieira's view, this was too little compensation and it was payable too late. He also testified that some of the offers came from companies which were financially unstable.

The questions whether Vieira's refusal of these offers was a failure to mitigate and whether his damages should be reduced by the amount he might have earned had he accepted them were not addressed by the lower court in its findings of fact.

The trial court found that Vieira's efforts to mitigate through February 1978 were reasonable but that he "failed to act in mitigation of damages subsequent to February 1978." Vieira's uncontradicted testimony was that he accepted employment as a life insurance solicitor commencing May 1977; that he was still so employed at the time of trial in May 1978; that through February 1978 he had earned $5,645.47 in commissions; that he earned "around $900" in March 1978; that he did not know how much commissions he earned

---

[1] There is no evidence of the specifics of the commission other than when it was to be received.

in April 1978. Since he had the same employment at the time of trial in May of 1978 as he had since May of 1977, it is clear error to say that he "failed to act in mitigation of damages subsequent to February 1978."

Vieira claims that the trial court erred in deducting his gross insurance commissions rather than his commissions net of auto expenses, entertainment, and stationery. Since the new employment is sales for a commission, it may be that certain direct expenses should be deducted; however, we doubt whether any non-direct expenses are deductible.

In view of the meager record with respect to damages, the apparent confusion as to which party had what burden of proof, and the trial court's error with respect to mitigation after February 1978, we reverse the trial court's entire decision on damages and remand for a new trial on that issue only.

The third issue concerns Robert's claim that the trial court erred in denying its two counterclaims. Here again, the evidence was in substantial dispute and the trial court believed Vieira's version rather than Robert's. The trial court did not clearly err in making its findings and given its findings, we must affirm its conclusions.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

*Michael T. I. Kim* for plaintiff-appellee, cross-appellant.

*Jared H. Jossem, Barry W. Marr,* and *Howard A. Matsuura,* for defendant-appellant, cross-appellee.